## THE LEONIE O. LOUISE.

(District Court, S. D. Florida. October 3, 1923.)

No. 910.

**1. Admiralty ⬅60—Will decree what equity requires under allegations of libel, notwithstanding indorsement thereon limiting claim.**

Where a libel states a case of salvage, the fact that it bears the indorsement "Libel for Repairs" does not prohibit a court of admiralty from decreeing what equity requires from the allegations of the libel.

**2. Salvage ⬅11—Raising vessel held "salvage service."**

The raising of a sunken vessel, pumping her out, and safely anchoring her in deep water constitutes "salvage service," unless rendered under a contract whereby compensation was to be paid at all events.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Salvage Service.]

**3. Salvage ⬅16—Immaterial to right as salvors that contract made with underwriter.**

It is immaterial, on question as to whether services are salvage services, in so far as the salvor is concerned, that a contract was entered into with the underwriter.

In Admiralty. Libel by R. W. Thomas against the schooner Leonie O. Louise. On hearing on exceptions to the libel and application for leave to file exceptions to answer. Exceptions overruled, and application denied.

W. F. Rogers, of Jacksonville, Fla., and M. Caraballo, of Tampa, Fla., for libelant.

Mabry, Reeves & Carlton, of Tampa, Fla., for claimant and respondent.

CALL, District Judge. This cause came on for a hearing upon exceptions filed to the libel. The libel in brief states that the libelant entered into a contract with the underwriters, La Croix Insurance Company, Limited, of Canada, for a certain sum to raise the schooner, then sunk in the Hillsborough river, pump her out, and safely anchor her in deep water; payment to be made only after the accomplishment of this, in a certain time specified. All this was successfully done, and the libel brought to recover an unpaid balance. The exceptions are ad-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dressed: (1) To the fact that the contract was made with the insurance company; and, (2) because of this said contract being made with the insurance company, no pledge of the schooner was thereby made for the services rendered.

[1-3] The libel, it seems to me, states a case of salvage. While it bears the indorsement "Libel for Repairs," this does not prohibit a court of admiralty from decreeing what equity requires, from the allegation of the libel, and is of little moment in the decision to be reached. No repairs are alleged to have been made, and no sum is asked for in payment for repairs. The allegations show that services performed, and for which remuneration under the contract is asked, are the raising of the sunken vessel, pumping her out, and safely anchoring her in deep water. These are purely salvage services, unless rendered under a contract whereby compensation was to be paid at all events. The contract in the instant case does not so provide, but payment was to be made only in the event the vessel was raised, pumped out, and safely anchored in deep water. Nor does it make any difference, in so far as the salvor is concerned, that the contract was made with the insurance company. The Camanche, 8 Wall. 448, 19 L. Ed. 397. The performance of the salvage service, whether under contract or not, establishes the lien upon the vessel salved, unless made under the circumstances above pointed out, and then it ceases to be salvage.

I am of opinion, therefore, that the exceptions to the libel are not well taken, and each of them will be overruled.

The libelant asks leave to file exceptions to certain portions of the answer. I have indicated above my opinion as to such matters sought to be excepted to not being a defense to the suit brought, and this suit has been pending since June 24, 1922. I deem it best to deny the application. All matters covered by the proposed exceptions can be cared for in the final decree, to be rendered herein on final hearing.